IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00722-EWN-OES

WINE MASTER CELLARS, LLC, a Colorado limited liability company,

Plaintiff(s),

v.

JAMES L. DECKEBACH d/b/a WINE CELLAR INNOVATIONS,
a resident of Ohio, et al.,

Defendant(s).

_____

STIPULATED PROTECTIVE ORDER
_____

During the course of the above captioned action ("Action"), the parties or non-parties may be required to produce information that the person from whom the information is sought considers to be trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(7). In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over confidentiality, the parties submit this Stipulated Protective Order. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and by agreement of undersigned counsel, it is

ORDERED that:

1. Proceedings and Information Governed.  This Order shall govern any documents, information or other things furnished by either party, including a party's representatives who have a need to know, in connection with the discovery and pretrial

phase of this proceeding. The information so governed includes, but is not limited to, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof. The Order does not govern proceedings during trial nor does it prohibit any party from seeking a protective order to govern proceedings during trial.

2. Definitions and Designation of Confidential Information

(a) "Confidential Information" shall mean information (regardless of how generated, stored or maintained) and/or tangible things that are reasonably believed by the producing party to be nonpublic, proprietary or confidential.

(b) "Confidential - Attorneys' Eyes Only Information" shall mean Confidential Information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. Such information shall include, but is not limited to, information that provides the disclosing party a competitive advantage in the relevant markets, or which, if disclosed, may place the disclosing party at a competitive disadvantage in the relevant market.

(c) "Designated Information" shall mean information designated pursuant to paragraph 2(e) as either Confidential Information or Confidential Attorney's Eyes Only Information.

(d) "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, and who is not a past or

current employee of a party and who, at the time of retention, is not anticipated to become an

employee of a party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

(e) Any Confidential Information or Confidential - Attorneys' Eyes Only Information may be designated as such by the disclosing party.  Such designation may be made by stamping or otherwise marking the material prior to production as follows: "Confidential Information" or "Confidential - Attorneys' Eyes Only." For multiple page documents, the designation "Confidential Information" or "Confidential - Attorneys' Eyes Only," shall be made on the first page of the documents, but shall apply to all pages of such documents unless expressly provided otherwise by the producing party.  In the case of deposition testimony, a party seeking to invoke the protection of this order as to "Confidential" or "Confidential - Attorneys' Eyes Only" information shall give prompt notice thereof at the conclusion, termination, or suspension of said deposition, whichever shall first occur.  In the event such notice is given, the provisions of paragraphs 12 and 13 below shall apply.

(f) Where it is determined that Confidential Information or Confidential Attorney's Eyes Only Information has been produced, but not initially designated as Confidential Information or Confidential Attorney's Eyes Only Information, such information can be designated as such, in writing, at a later date.  Each party shall make a reasonable effort to retrieve documents containing the later designated Confidential Information or

Confidential Attorney's Eyes Only Information and otherwise insure that persons to whom the information has been disclosed will treat such documents as Confidential Information or Confidential Attorney's Eyes Only Information.  A sanction shall be imposed for any disclosures of the later designated Confidential Information or Confidential Attorney's Eyes Only Information, which are made after the parties receive written notice of the formal designation that such documents are Designated Information.

(g) It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity (despite the parties' reasonable efforts to pre-screen such documents and information prior to its production) does not waive the attorney-client privilege or work product immunity if a request for return of such documents or information is made promptly after the producing party becomes aware or reasonably should have become aware of its inadvertent production.  Each party shall make a reasonable effort to retrieve documents containing the later-designated privileged information.  After the return of such material, claims of privilege or work-product may be submitted for resolution pursuant to further order of the Court or by subsequent agreement of the parties.  That determination shall be made without regard to the fact that such material was inadvertently produced.

3. Disclosure of Confidential Information.  Information that is designated "Confidential Information" (but which is not marked "Confidential - Attorneys' Eyes Only") may be disclosed by the receiving party only to:

(a) The attorneys of record in this proceeding, each party's in-house counsel, and

any attorneys retained by the parties in this action to consult on the action, and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such attorneys to provide support services in this action and the employees of said organizations;

(b) Experts retained in this proceeding and the employees of such experts and consultants who are assisting them;

(c) The officers, directors and employees of a party;

(d) The court as set forth in paragraph 8;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) The persons permitted under paragraph 11 below; and

(g) Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

4. Confidential - Attorneys' Eyes Only Information.  Information designated "Confidential - Attorneys' Eyes Only" may be provided only to the following:

(a) Outside counsel of record in this proceeding and their respective associates, clerks, legal assistants, stenographic and support personnel, and organizations retained by such counsel to provide support services in this action;

(b) Experts to whom disclosure is reasonably necessary for this litigation, who have signed the "Undertaking" (Exhibit A), and as to whom the procedures set forth in

paragraph 5(b), below, have been followed;

(c) The court, as set forth in paragraph 8;

(d) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation.

5. Distribution of Designated Information.

(a) Unless otherwise approved by the parties in writing, no copies, summaries or abstracts of Designated Information shall be made by parties or their counsel for distribution or for use by persons other than those designated in paragraphs 3 and 4.

(b) Information or items marked "Confidential -Attorneys' Eyes Only" may be disclosed to Experts only upon the following procedures:

(1) Unless otherwise ordered by the court or agreed in writing by the designating party, a party that seeks to disclose to an Expert any information or item that has been designated "Confidential - Attorneys' Eyes Only" first must make a written request to the designating party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five (5) years.

(2) A party that makes a request and provides the information specified in the preceding paragraph may disclose the subject information to the identified Expert unless, within seven (7) business days of delivering the request, the party receives a written objection from the designating party. Any such objection must set forth in detail

the grounds on which it is based.

(3) A party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the designating party for its refusal to approve the disclosure.

In any such proceeding the party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the protected material to its Expert.

(c) Neither Party shall seek to depose an Expert until such Expert has been identified as an expert pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure.

6. Affidavits.  Each person referred to in paragraphs 3(b), (c), (f) and (g) and 4(b) hereof to whom Designated Information is to be given, shown, disclosed, made

available or communicated in any way, shall first execute an undertaking, in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order, and the original undertaking shall be retained by counsel for the party so sharing the Designated Information.

7. Use.  Designated Information shall be used by the party and any other persons as authorized herein to whom it is disclosed solely in connection with this proceeding. Designated Information shall not be used by such party or any other persons as authorized herein for any business or other purpose, unless agreed to in writing by all parties to this action or as authorized by further order of the Court.  No person who is furnished Designated Information shall disclose it to any person not entitled under this Order to receive it.

8. Court Procedures.

(a) If any party wishes to use any Designated Information in connection with any brief, argument, filing or proceeding before the Court or any judge thereof, such Designated Information shall be submitted and filed under seal and shall be maintained by the Court under seal, pursuant to this Order and in accordance with the procedures set forth in D.C.COLO.LCivR 7.3.  Such Designated Information shall not be made available to anyone other than the Court may otherwise order.

(b) Any hearing which refers to or describes Designated Information shall in the Court's discretion be held in camera.

9. Party's Own Information.  The restrictions on the use of Designated Information established by this Protective Order are applicable only to the use by a party of

Designated Information received from the other party. A party is free to do whatever it desires with its Confidential Information.

10. Removal. A party may seek removal of the designation of any Designated Information through the following procedures:

(a) The party or person seeking such removal shall give counsel of record for the other party written notice thereof, supported by reasons therefore specifying the documents, information or other thing as to which such removal is sought;

(b) If the parties cannot reach agreement concerning the matter within fifteen (15) business days after delivery (or in the case of mail, mailing) of the notice, or such other time as the Court may allow, then the party seeking the removal of the designation of the Designated Information from this Order may file and serve a motion for an order of the Court for appropriate relief. Such motion must be filed and served within fifteen (15) business days after the expiration of the fifteen-day period referred to previously. Any such motion shall be set for the earliest possible date on the Court's calendar, and shall not be continued without the consent of all parties. The party seeking to protect the information and/or document bears the burden, in any such motion, to establish the appropriateness of the protection sought.

11. Disclosure to Author or Addressee. Nothing herein shall prohibit a party, or its counsel, from disclosing documents including Designated Information to the person who is the author or recipient of such documents.

12. Depositions. All deposition testimony and exhibits designated "Confidential - Attorneys' Eyes Only" shall be bound in a separate transcript, and clearly marked on

each page "Confidential - Attorneys' Eyes Only."

13. Exclusion From Deposition.  Whenever any documents, information or other things designated as "Confidential - Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as "Confidential - Attorneys' Eyes Only."

14. Subpoenas.  In the event any person or party having possession, custody or control of any Designated Information receives a subpoena or other process or order to produce such information, such person or party shall promptly notify in writing the attorneys of record of the party claiming such confidential treatment of the item, documents or information sought by such subpoena or other process or order, shall furnish those attorneys of record with a copy of said subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected.  If the party asserting the confidentiality makes a motion to quash or modify the subpoena prior to the date for complying with the subpoena, process or order, the person or party receiving the subpoena or other process or order shall comply with applicable law or order of the court having jurisdiction over such subpoena, process, order, or motion.  If no such motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order shall be entitled to comply with it provided it has fulfilled its obligations hereunder.

15. No Waiver.  Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order; nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secrets of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

16. No Probative Value.  This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Designated Information.  The fact that information is designated "Confidential Information" or "Confidential – Attorney's Eyes Only Information" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  This Order shall be without prejudice to the right of any party to bring before the Court the question of:  (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.

Absent a stipulation of all parties, the fact that information has been designated confidential under this Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.  The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed in and of itself as admissible or offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

17. Return of Information.  At the conclusion of this proceeding, including all appeals, all Designated Information and all documents which reflect such information shall, upon the request of the party furnishing such Designated Information, be (i) delivered to the party that furnished such Designated Information or (ii) in lieu of delivery to the furnishing party destroyed, in which event counsel shall give written notice of such destruction to opposing counsel.  In no event shall a party retain a copy of Designated Information produced to it.  Notwithstanding anything herein to the contrary, counsel for each party may retain one copy of all pleadings filed and/or served in this action.

18. Court's Jurisdiction.  The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate.  The provisions of this Order regarding the use and/or disclosure of Confidential Information and Confidential - Attorneys' Eyes Only Information shall survive the termination of this action, and the Court shall retain jurisdiction with respect to this Order.

The parties agree that an appropriate order may be entered hereupon.

\*\*\*

    s/ Stephen B. Perkins
John R. Posthumus
Stephen B. Perkins
Greenberg Traurig, LLP
The Tabor Center
1200 17th Street, Suite 2400
Denver, CO  80202
Telephone:   303-572-6500
Facsimile:    303-572-6540
posthumusj@gtlaw.com
perkinsst@gtlaw.com

Attorneys for Plaintiff
Wine Master Cellars, LLC.
    s/Theodore R. Remaklus
Julie A. Trent
Beiging, Shapiro & Burrus. LLP
4582 South Ulster Street Pkwy, Suite 1650
Denver, Colorado 80237
Telephone:  (720) 488-0220
Facsimile:   (720) 488-7711
jt@bsblawyers.com

Theodore R. Remaklus
Wood, Herron & Evans, L.L.P.
2700 Carew Tower
Cincinnati, Ohio 45202
Telephone:   (513) 241-2324
Facsimile:    (513) 421-7269
tremaklus@whepatent.com

Attorneys for Defendants
James L. Deckebach, James L. Deckebach, Ltd, & James L. Deckebach, LLC


Dated:  August 15, 2005


Dated:  August 16, 2005

IT IS SO ORDERED.

Dated: August 18, 2005

                                 By the Court:

                                 s/O. Edward Schlatter
                                 United States Magistrate Judge
                                 O. Edward Schlatter

Exhibit A to Stipulated Protective Order

STATE OF _____ )
                           ) ss.
COUNTY OF _____ )

    I, _____, being first duly sworn, state that:

    1. My address is _____
_____.

    2. My present employer is _____ and the address of my employer is
_____.

    3. My present occupation or job description is _____.

    4. I have received a copy of the Protective Order in case of Wine Master Cellars, LLC. v. James L. Deckebach, et al., Civil Action No. 05-cv-0722-EWN-OES in the United States District Court for the District of Colorado.

    5. I understand that I can be held in contempt of court for violating the terms of the Protective Order and I submit to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

    6. I have carefully read and understand the provisions of the Protective Order, and I will comply with all of its provisions.

                          _____

Subscribed and sworn to before me this _____ day of _____, 20___.

_____

Notary Public, _____
County,_____